UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JARED GIPSON (#412562)      DOCKET NO. 15-cv-1756; SEC. P

VERSUS      JUDGE DRELL

OFFICER HOWARD, ET AL.      MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jared Gipson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 and Louisiana law on May 26, 2015. [Doc. #1] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains that he was subjected to excessive force by Sgt. Field Howard, and he names as defendants Howard, Sgt. Marcus Hayes, Sgt. Eddie Gibson, Cpt. McFarland, Carl Coleman, Warden Timothy Keith, and Mona Heyse.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on May 22, 2014, Sgts. Howard, Hayes, Gibson, Coleman, and McFarland entered the Elm housing unit to remove Plaintiff. Plaintiff claims that Howard and Hayes grabbed Plaintiff and began violently twisting his arm behind his back. Plaintiff attempted to pull his arms into a position to alleviate the pain, at which time, Officer Coleman slammed Plaintiff to the

ground and placed handcuffs on his wrists. Plaintiff climbed to his knees, at which time Howard struck him in the face. Howard placed Plaintiff in a headlock and slammed him to the concrete pavement. Howard then began kicking Plaintiff in the body and face. As Howard assaulted Plaintiff, Defendants Coleman, Hayes, Gibson, and McFarland stood by and watched. [Doc. #1, p.4-5]

Plaintiff was transported to the infirmary for treatment, and then to L.S.U. Medical Center, where he was diagnosed with two fractured vertebrae and a broken jaw, in addition to various bruises. [Doc. #1, p.5] Plaintiff underwent surgery to repair his jaw, which was then wired shut for two months. Plaintiff notes that Sgt. Howard's employment was terminated subsequent to this incident. [Doc. #1, p.6]

Plaintiff claims that Warden Keith was deliberately indifferent and negligent under Louisiana law.

### Law and Analysis

Plaintiff named Mona Heyse as a defendant. However, he has failed to present any allegations of involvement by Ms. Heyse in his complaint or amended complaint. Ms. Heyse is the Warden's designee. To the extent Plaintiff would claim that Heyse failed to answer Plaintiff's grievance, his claim fails. Inmates do not have a constitutionally protected right to a grievance procedure. See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of

grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated). Moreover, an inmate has no constitutional right to have his grievances or complaints addressed, investigated, or favorably resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir.2005). Thus, Plaintiff's claim against Mona Heyse should be dismissed.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim against Mona Heyse only be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of October, 2015.

> JAMES D. KIRK
> UNITED STATES MAGISTRATE JUDGE